**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CHARLES BAUSEY, ADC #357214,
and JESSE BREWER                                                                                    PLAINTIFFS

v.                                              3:14CV00293-KGB-JTK

CHANCEY SIMMONS, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

Co-Plaintiffs Charles Bausey and Jesse Brewer filed this pro se action against Defendants while incarcerated at the Craighead County Detention Facility (Jail) (Doc. No. 2), and the Court granted their Motions to Proceed in forma pauperis on January 5, 2015 (Doc. No. 5).  Noting, however, that their allegations of improper conditions of confinement were too vague for the Court to determine if they stated a Constitutional claim for relief, the Court provided them the opportunity in which to file an Amended complaint. (Id.)  The Court also cautioned them that an Amended Complaint would render the original Complaint without legal effect.  (Id.)

On January 12, 2015, the copy of the Order mailed to Brewer was returned to Sender as undeliverable (Doc. No. 6).  Therefore, on January 15, 2015, this Court directed Brewer to notify the Court of his last-known address and his intent to continue with the prosecution of this action within thirty days, cautioning him that failure to do so would result in his dismissal from this action (Doc. No. 8).  On that same date, the Court received a letter from both Plaintiffs stating that they wanted their case to stay open and that they were suing for cruel and unusual punishment (Doc. No.

9).

Having reviewed the Plaintiffs' Original Complaint and subsequent letter, the Court finds that this action should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550

U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiffs must allege that a person acting under the color of state law deprived them of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). As the Court noted in the January 5, 2015 Order, Plaintiff Bausey's allegations that Defendants Simmons and Harris improperly evicted him from his apartment, do not appear to state a claim for relief because there is no indication that these two Defendants are state actors. And, Plaintiff has not clarified this issue by filing an Amended Complaint, other than the letter which stated that his landlord "kicked me out of my apartment in the cold weather." (Doc. No. 9).[1] Therefore, absent additional information, these two Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

In addition, Plaintiffs fail to state a claim against Defendant Brett Duncan. In the Original Complaint, Plaintiffs allege, "Brett Duncan I have been in Jail for 6 month freezing my body off I have put in a lot of request for them to cut this cold air off." (Doc. No. 2, p. 4) In the Court's January

---

[1] The Court also notes that there is no reference to Plaintiff Brewer with respect to this claim.

5, 2015 Order, Plaintiffs were provided the opportunity to amend their complaint, to more specifically set forth the allegations against Defendants, by including specific facts against each named Defendant and stating how they were harmed. However, Plaintiffs failed to file an Amended Complaint in accordance with this Order and the letter they submitted stated only that "we are suing this cold jail for keep the air on all the time cruel & unusual punishment." (Doc. No. 9)

Although "[t]he Constitution 'does not mandate comfortable prisons,'" humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).[2] In order to support an Eighth Amendment violation against Defendants, Plaintiffs must allege and prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by Defendants in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. at 342, and Estelle v. Gamble, 429 U.S. 97, 104 (1977). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety...." Wilson v. Seiter, 501

---

[2] If Plaintiffs were pretrial detainees at the time of their incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of their conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

U.S. 294, 298-9 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Furthermore, "'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984)(quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)).

Absent additional facts about the temperatures at the Jail and the knowledge, actions, or conduct of Defendant Duncan, the Court finds that Plaintiffs' allegations should be dismissed for failure to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at, 570.

In addition, Plaintiff Brewer should be dismissed for failing to respond to the Court's January 5, 2015 Order directing him to sign the Amended Complaint (he failed to sign the Original Complaint), and the Court's January 15, 2015 Order directing him to notify the Court of his current address and intent to continue with the prosecution of this action.[3]

Therefore, in light of Brewer's failure to respond to the Court's January 15, 2015 Order, and both Plaintiffs' failure to file an Amended Complaint in accordance with the Court's January 5, 2015 Order, the Court finds that their Complaint should be dismissed for failure to state a claim upon

---

[3] Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

which relief may be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiffs' Complaint against Defendants Simmons and Harris be DISMISSED with prejudice for failure to state a claim.

2.    Plaintiffs' Complaint against Defendant Duncan be DISMISSED without prejudice for failure to state a claim.

3.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 18th day of February, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[4]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.